IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Matthew R.G., | ) |
|       Plaintiff, | ) |
| | ) Case No.: 21-cv-50180 |
| v. | ) |
| | ) Magistrate Judge Margaret J. Schneider |
| Martin O'Malley, | ) |
| Commissioner of Social Security, | ) |
| | ) |
|       Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

    Matthew R.G. ("Plaintiff") seeks review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his disability benefits. The parties have filed cross motions for summary judgment [14, 17]. For the reasons set forth below, Plaintiff's motion for summary judgment is granted and the Commissioner's motion for summary judgment is denied. The final decision of the Commissioner denying benefits is reversed and remanded.

**BACKGROUND**

**A. Procedural History**

    Plaintiff protectively filed for supplemental security income and disability insurance benefits on January 31, 2019. R. 43. This application alleged a disability beginning on December 24, 2018. R. 44. The Commissioner denied his application on March 26, 2019, and upon reconsideration on August 27, 2019. R. 50, 72. Plaintiff filed a written request for a hearing on September 23, 2019. R. 102. On September 30, 2020, a hearing was held by Administrative Law Judge ("ALJ") Andrew G. Sloss where Plaintiff appeared and testified. R. 13. Plaintiff was represented by counsel and Stephanee Leech, an impartial vocational expert, also appeared and testified. *Id.*

    On October 7, 2020, the ALJ issued his written opinion denying Plaintiff's claim for supplemental security income and disability insurance benefits. Plaintiff appealed the decision to the Appeals Council which was denied on March 5, 2021. R. 1-6. Plaintiff now seeks judicial review of the ALJ's decision, which stands as the final decision of the Commissioner. *See* 42 U.S.C. § 405(g); *Schmidt v. Astrue*, 496 F.3d 833, 841 (7th Cir. 2007). The parties have consented to the jurisdiction of this Court. *See* 28 U.S.C. § 636(c); [5]. Now before the Court are Plaintiff's opening brief [14], the Commissioner's motion for summary judgment and response to Plaintiff's brief [17], and Plaintiff's reply [22].

1

### B. The ALJ's Decision

In his ruling, the ALJ applied the statutorily required five-step analysis to determine whether Plaintiff was disabled under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful employment since the alleged onset date of December 24, 2018. R. 15. At step two, the ALJ found Plaintiff had the severe impairment of osteoarthritis. *Id.* The ALJ found that these impairments significantly limited Plaintiff's ability to perform basic work activities. *Id.* At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. R. 16.

Before step four, the ALJ found Plaintiff had a residual functional capacity ("RFC") to perform light work except he can only occasionally climb ramps or stairs. *Id.* At step four, the ALJ found that Plaintiff is unable to perform any past relevant work. R. 19. At step five, the ALJ found, in reliance on the VE's testimony, that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. *Id.* Therefore, the ALJ concluded that Plaintiff was not disabled under the Social Security Act at any time from December 24, 2018, through the date of the decision, October 7, 2020.

## STANDARD OF REVIEW

The reviewing court evaluates the ALJ's determination to establish whether it is supported by "substantial evidence," meaning "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moore v. Colvin*, 743 F.3d 1118, 1120-21 (7th Cir. 2014) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). While substantial evidence is "more than a mere scintilla, . . . the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (internal quotation marks and citation omitted). The substantial evidence standard is satisfied when the ALJ provides "an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Warnell v. O'Malley*, 97 F.4th 1050, 1052 (7th Cir. 2024) (internal quotation marks and citation omitted). An ALJ "need not specifically address every piece of evidence, but must provide a logical bridge between the evidence and [the] conclusions." *Bakke v. Kijakazi*, 62 F.4th 1061, 1066 (7th Cir. 2023) (internal quotation marks and citation omitted). *See also Warnell*, 97 F.4th at 1054.

The court will only reverse the decision of the ALJ "if the record compels a contrary result." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (internal quotation marks and citation omitted). The court is obligated to "review the entire record, but [the court does] not replace the ALJ's judgment with [its] own by reconsidering facts, reweighing or resolving conflicts in the evidence, or deciding questions of credibility. . . . [The court's] review is limited also to the ALJ's rationales; [the court does] not uphold an ALJ's decision by giving it different ground to stand upon." *Jeske v. Saul*, 955 F.3d 583, 587 (7th Cir. 2020).

**DISCUSSION**

Plaintiff argues that remand is warranted because the ALJ erred in four ways: (1) provided only a perfunctory analysis of the listings; (2) failed to properly analyze Plaintiff's subjective symptoms; (3) improperly excluded the effects of diabetes from his RFC analysis; and (4) relied on the vocational expert's experience without supporting this reliance. Because the Court finds error with the ALJ's subjective symptom analysis, the ALJ's decision is reversed and remanded.

Plaintiff challenges the ALJ's failure to adequately consider Plaintiff's credibility as to his reported symptoms and impact of those symptoms. He argues that the ALJ, even when looking at the entirety of the opinion, provided only a perfunctory analysis of Plaintiff's testimony. Pl.'s Mot. at 7.

When assessing a claimant's subjective symptom allegations, an ALJ considers several factors, including the objective medical evidence, the claimant's daily activities, his level of pain or symptoms, aggravating factors, medication, course of treatment, and functional limitations. 20 C.F.R. § 404.1529(c); Social Security Ruling 16-3p, 2017 WL 5180304, at *5-8. "As long as an ALJ gives specific reasons supported by the record, [the Court] will not overturn a credibility determination unless it is patently wrong." *Grotts v. Kijakazi*, 27 F.4th 1273, 1279 (7th Cir. 2022). However, an ALJ's decision may be reversed if the ALJ "fail[s] to adequately explain his [] credibility finding by discussing specific reasons supported by the record." *Minnick v. Colvin*, 775 F.3d 929, 937 (7th Cir. 2015); *see also Craft v. Astrue*, 539 F.3d 668, 678 (7th Cir. 2008) (a credibility finding "must be specific enough to enable the claimant and a reviewing body to understand the reasoning."). Mere boilerplate language is not sufficient to discount subjective symptoms but rather, "the ALJ must set forth specific reasons." *Gedatus v. Saul*, 994 F.3d at 900 (internal citations omitted). "Furthermore, the ALJ may not discredit a claimant's testimony about [his] pain and limitations solely because there is no objective medical evidence supporting it." *Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009); *see also* S.S.R. 96-7p.

The Commissioner argues that the ALJ "thoroughly discussed" Plaintiff's subjective symptoms and made a determination "using the appropriate regulatory factors." Def.'s Resp. at 10-11. The Commissioner does not, however, point to where the ALJ supplied specific reasons supported by the record for discrediting Plaintiff's allegations that he was unable to care for himself and had to raise his leg throughout the day. The Commissioner cannot do this because the ALJ failed to address what evidence he relied on to discount Plaintiff's testimony. As a result, the ALJ did not build a logical bridge between the evidence and his conclusion that Plaintiff's testimony was not credible. *See Villano v. Astrue*, 556 F.3d at 562 (ALJ must "build a logical bridge between the evidence and his conclusion that [Plaintiff's] testimony was not credible"); *Murphy v. Colvin*, 759 F.3d 811, 819 (7th Cir. 2014) (The ALJ must "build the accurate and logical bridge from the evidence to her conclusion so that, we as a reviewing court, [can] assess the validity of her ultimate findings and afford [Plaintiff] meaningful judicial review.").

First, the ALJ did not properly analyze the factors of S.S.R. 96-7p as required. Although the ALJ briefly summarized Plaintiff's testimony that (1) he cannot work because of pain and stiffness; (2) he cannot get dressed without assistance; (3) he needs help with typical household activities; (4) walking causes him pain and he falls often; and (5) he has to use heat and ice to alleviate the pain, the ALJ provided no explanation as to what evidence he used to discount these

allegations. With no more analysis of these relevant factors beyond a simple summary and boilerplate language of the symptoms being "not entirely consistent" with the evidence in the record, the ALJ did not adequately explain his conclusion that Plaintiff's testimony was not credible.

Additionally, the ALJ impermissibly selectively summarized reports and used them to discredit Plaintiff's testimony. *See Thompson v. Berryhill*, 722 Fed. App'x 573, 580 (7th Cir. 2018) ("An ALJ may not highlight some information, while ignoring other evidence."). For example, the ALJ noted that Plaintiff was able to ambulate on all surfaces without an assistive device as evidenced by his physical therapy notes. R. 17. However, the ALJ ignored evidence in that very same progress note that indicated Plaintiff "continues to have pain," "is getting muscle cramping throughout the day," has difficulty walking that is aggravated by five-minute periods of standing or 10-15 minutes of walking, and has an increased limp. R. 837-839. Even the note that described Plaintiff's ability to ambulate was cut short by the ALJ as it actually continued by stating he "still has limited endurance and gait deviations." R. 842. The ALJ also said he disbelieved Plaintiff's testimony about needing to elevate his leg throughout the day because no medical evidence supported such a limitation. R. 19. However, a lack of medical evidence alone is an insufficient reason to discredit testimony. *Villano*, 556 F.3d at 562. This cursory analysis does not convince the Court that there is substantial evidence to support the ALJ's decision to discount Plaintiff's reported subjective symptoms and their impact.

In remanding this case, the Court is not opining that Plaintiff is disabled, only that the ALJ's decision to credit or discount Plaintiff's subjective symptoms was not adequately supported. Plaintiff has raised other arguments, but further analysis of these issues is not necessary because they would not change the result here and can be addressed more fully on remand. Plaintiff's counsel should raise all such issues with the ALJ on remand, both in a pre-hearing brief and at the administrative hearing. Failure to explicitly raise these issues may result in a waiver if this case is again appealed to this Court.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is granted, and the Commissioner's motion for summary judgment is denied. The Commissioner's decision is reversed, and the case is remanded for further proceedings consistent with this opinion. Final judgment will be entered accordingly.

Date: November 1, 2024          Enter: *Margaret J. Schneider*
                                United States Magistrate Judge